**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 31 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10323 |
| Plaintiff - Appellee, | D.C. No. 5:11 cr-0589-RMW |
| v. | |
| LINDA CHEN MAI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Argued and Submitted August 13, 2015
San Francisco, California

Before:     REINHARDT, TASHIMA, and CALLAHAN, Circuit Judges.

Linda Chen Mai ("Mai") appeals her convictions under 21 U.S.C. §§ 610(d),

611(b)(6) for mislabeling pork products.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Mai contends that statements made by the government during closing argument constitute reversible prosecutorial misconduct. Because Mai did not object to any of the statements, we review for plain error. *United States v. Tirouda*, 394 F.3d 683, 688 (9th Cir. 2005).

**1.** Mai first contends that the government committed misconduct by asserting during closing arguments that, after the United States Department of Agriculture ("USDA") had suspended inspection services at Mai's meat processing plant, "you cannot sell any product, regardless of when it was processed." The statutes under which Mai was charged, however, criminalize the improper placement of a USDA-approved label on meat products. 21 U.S.C. §§ 610(d), 611(b)(6). Under these statutes, it would *not* have been a violation for Mai to have sold pork products that had been processed before the USDA suspended inspections at the plant.

The prosecution has an obligation to avoid misstating the law during closing arguments, *United States v. Artus*, 591 F.2d 526, 528 (9th Cir. 1979) (per curiam), and the statements here clearly were improper. Under the plain error standard, however, Mai also must show that the error affected her substantial rights. *See United States v. Foster*, 711 F.2d 871, 883 (9th Cir. 1983). Under this standard, Mai must show "a reasonable probability that the result of the proceeding would

2

have been different [absent the misconduct] or that it so infected the trial with unfairness as to make the resulting conviction a denial of due process." *United States v. Wilkes*, 662 F.3d 524, 537 (9th Cir. 2011) (quoting *Hein v. Sullivan*, 601 F.3d 897, 905 n.4 (9th Cir. 2010)).

Although the misstatement here was significant, the district court corrected the error shortly thereafter. In response to an inquiry from the jury, the court clarified that "[a] meat product that has been inspected and has passed inspection may be made available for sale after suspension unless it has been tagged for retention." Such corrective instructions may cure a prosecutor's misstatement of the law. *United States v. Cardenas-Mendoza*, 579 F.3d 1024, 1030 (9th Cir. 2009); *Foster*, 711 F.2d at 883. Additionally, the case against Mai was very strong and included a confession, as well as an abundance of circumstantial evidence. Mai offered virtually no evidence supporting her alternative theory: that she had sold only unprocessed pork or pork products processed pre-suspension. Accordingly,

we conclude that Mai has not shown that the misconduct affected her substantial rights.[1]

**2.**     Mai also challenges as reversible misconduct statements made by the prosecution to the jury describing the case as about a "public health hazard" affecting "consumers like you."  A prosecutor's "misleading and inflammatory arguments" may amount to reversible misconduct.  *Sechrest v. Ignacio*, 549 F.3d 789, 807 (9th Cir. 2008).  The statements here, however, were not plainly improper.  Most of the statements Mai challenges appear to have been inadvertent figures of speech or colloquialisms.  *See United States v. Carrillo*, 16 F.3d 1046, 1050 (9th Cir. 1994) (indicating that misconduct does not occur when a prosecutor's misstatements "[have] earmarks of inadvertent mistake").  Even if they were not inadvertent, the statements do not appear to have been particularly

---

[1]     The dissent, at 2, notes that the district court's note in response to the jury's inquiry did not "address the legality of Mai's acting as a middleman," which the dissent defines as "buying and selling raw pork without processing it."  Even if the district court erred in that regard, it was not plain error.  The evidence showed that Mai purchased 3,000 pounds of raw pork after she was suspended by the USDA and only 600 pounds of that pork was accounted for on a "middleman" basis.  Thus, any error did not affect Mai's substantial rights in that there was no "reasonable probability that the result of the proceeding would have been different . . . ."  *Wilkes*, 662 F.3d at 537.  Indeed, if the jury believed that purchasing meat during the suspension was illegal, it presumably would not have needed to seek clarification from the court on whether selling meat processed before the suspension was illegal.  It was undisputed that Mai purchased meat during the suspension.

substantial.  At most, they gave color to the prosecution's legal and factual contentions.  We thus reject this argument.[2]

**AFFIRMED.**

---

[2]    Because we conclude that these statements were not plainly improper, we do not address whether they affected Mai's substantial rights.

*USA v Linda Chen Mai 14-10323*

REINHARDT, Circuit Judge, dissenting:

I would hold that the prosecutor's blatant misstatement of the law during his closing argument was not cured and that it prejudiced Mai's substantial rights. In concluding otherwise, the majority significantly understates the prosecutor's errors.

Mai contended in her closing argument that after suspension she had only (1) sold pork processed before suspension and (2) acted as a middleman, buying and selling raw pork without processing it. Both activities were legal even after suspension. The prosecutor told the jury that they were not: "Even if what [Mai's counsel] argued to you is true, that does not equal a not guilty story." The prosecutor explained that regardless of when the meat was processed, "if it was sold after suspension, that's a violation. You're not allowed to do anything once you're suspended." Likewise the prosecutor told the jury that purchasing meat after a suspension was in all events illegal. After pulling up an invoice showing Mai bought raw pork after suspension, the prosecutor stated "you have Linda Mai's delivery from Jim's Wholesale Meats on July 12th, 2010. That is a violation right there."

Both statements were "erroneous" or "false" and both were highly

significant, striking at the heart of Mai's defense.  We recently found a prosecutor's misstatements of the law during closing arguments were prejudicial because they undercut "the heart of [the] defense" and were phrased in a way that "created a significant likelihood that the comments would be 'viewed [like jury instructions] as definitive and binding statements of the law.'" *Deck v. Jenkins*, 768 F.3d 1015, 1025, 1026 (9th Cir. 2014) (quoting *Boyde v. California*, 494 U.S. 370, 384 (1990)).  The same is true here.  In these circumstances, if the error is not cured it will be prejudicial because "[j]urors are not generally equipped to determine whether a particular theory of conviction submitted to them is contrary to law—whether, for example, . . . the action in question fails to come within the statutory definition of the crime."  *Griffin v. United States*, 502 U.S. 46, 59 (1991).

In this case, the errors were only partially corrected, at best.  The judge's note may have clarified the jury's evident confusion about whether Mai could sell meat after the suspension that she had processed before it. The note did not, however, even indirectly address the legality of Mai's acting as a middleman, let alone speak to "the specific statement[] of the prosecutor" that buying meat after the suspension was illegal. *United States v. Weatherspoon*, 410 F.3d 1142, 1151 (9th Cir. 2005) (quoting *United States v. Kerr*, 981 F.3d 1050, 1054 (9th Cir. 1992)) (finding plain error because general curative instructions were insufficient).

2

Buying meat after the suspension was *not* illegal. Cooking it, shredding it, and then selling it in processed form with the USDA label affixed was.  The evidence that Mai did the latter was circumstantial, except for Mai's "confession." The circumstantial evidence may have been somewhat convincing, but it was far from overwhelming, especially as it was not Mai's burden to prove that she had not illegally sold the meat she purchased, but rather the government's burden to prove that she had.  Further, given Mai's limited English skills and the fact that her interpreter was a USDA agent, her explanation that she misunderstood the "confession," is certainly plausible, particularly because she corrected the "confession" almost immediately. In light of this—and the likelihood that the jury took the prosecutor at his word and convicted Mai simply on the basis of her (uncontested) act of purchasing the meat—I would conclude that Mai has, even under the plain error standard, demonstrated prejudice and is entitled to a reversal. *See United States v. Olano*, 507 U.S. 725, 735 (1993).

I respectfully dissent.

3